# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEXINGTON INSURANCE COMPANY,**

        Plaintiff,

        -vs-                                                           **Case No. 11-C-809**

**TUDOR INSURANCE COMPANY,**

        Defendant.

# DECISION AND ORDER

Tudor Insurance Company issued a series of Commercial General Liability ("CGL") policies to Trek Bicycle Corporation ("Trek") covering the policy periods of September 30, 2001 to September 30, 2006. Lexington Insurance Company ("Lexington") issued umbrella policies to Trek covering September 30, 2004 to September 30, 2006 and then CGL and umbrella policies covering 2006-2009. In 2008, LeMond Cycling, Inc. ("LeMond") sued Trek in Minnesota. Trek tendered defense of the LeMond lawsuit to both Lexington and Tudor. Lexington spent over $1 million in defense and settlement of the claims. Tudor disclaimed coverage and refused to provide any defense. In this diversity action, Lexington alleges that as a "direct result of Tudor's breach of its duty to defend Trek in the LeMond Cycling Lawsuit, Lexington has incurred costs in the defense and settlement of the LeMond Cycling Lawsuit beyond what it was obligated to pay." Complaint, ¶ 29.

Tudor moves to dismiss for failure to state a claim. In evaluating a motion to dismiss under Rule 12(b)(6), the court accepts the plaintiff's well-pleaded allegations as true, and

draws reasonable inferences in plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a complaint must "describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests;'" additionally, the complaint's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citations omitted).

Tudor argues that Lexington fails to state a claim because the respective parties have no contractual relationship, and Lexington did not accept an assignment of Trek's claims against Tudor. Tudor relies upon the holding in *Loy v. Bunderson*, 320 N.W.2d 175, 190 (Wis. 1982) that one insurer's duty to defend is "entirely independent" of any obligation that another insurer may have under a separate policy. Tudor takes this holding out of context. In *Loy*, the Wisconsin Supreme Court considered a situation where a primary insurer settled claims against the insured for less than its policy limit, leaving an excess insurer liable for any sums above the primary policy limit and up to the limits of the excess policy. *Loy* does not apply where the "disputed issue" is whether an insurer (Tudor) was required by its policy to defend claims that were also defended by another policy provider (Lexington). *Doyle v. Engelke*, 580 N.W.2d 245, 248-49 (Wis. 1998). The lack of a contractual relationship is irrelevant because Lexington invokes the equitable concepts of contribution and/or

-2-

subrogation. "In the case of insurance, subrogation takes the form of an insurer's right to be put in the position of the insured in order to pursue recovery from third parties legally responsible to the insured for a loss which the insurer has both insured and paid. . . . Equitable contribution is entirely different. It is the right to recover, not from the party *primarily* liable for the loss, but from a *co-obligor* who *shares* such liability with the party seeking contribution." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1291-94 (1998) (internal citations omitted) (emphases in original).

Tudor argues further that Lexington cannot bring a contribution claim because Lexington and Tudor insured Trek during different policy periods. This contention is debatable given the overlapping periods of insurance coverage. But even if contribution is inapplicable, Lexington would still have a subrogation claim. By bringing an "alternative claims" complaint, Lexington correctly recognizes that subrogation and contribution are "different paths to the same destination." *McGee v. Bates*, 691 N.W.2d 920, 923 (Wis. Ct. App. 2004). Lexington is entitled to be made whole to the extent that Tudor shirked its obligations to the mutual insured.

Finally, Tudor also argues that Lexington cannot bring a bad faith claim because of the lack of a contractual relationship between the parties. Under Wisconsin law, the insurer's duty of good faith and fair dealing arises from the insurance contract and runs to the insured. *Loy*, 320 N.W.2d at 190 (citing *Kranzush v. Badger State Mut. Cas. Co.*, 307 N.W.2d 256 (Wis. 1981)). However, a bad faith suit against a primary insurer can be brought when the excess insurer has either "taken an assignment of the insured's rights" or has "paid the excess

liability and sues as the insured's equitable assignee or subrogee. In either case, all the excess insurer may assert is the rights of the *insured*." 320 N.W.2d at 191 (emphasis in original). Therefore, Lexington can bring a bad faith claim against Tudor as the subrogee of Trek. *Id.* (citing cases which "make it clear that the excess insurer's possibility of a [bad faith] claim against a primary insurer can arise only where the insured has been abandoned by the primary carrier"). At stage of the proceedings, the motion to dismiss must be denied.

**IT IS HEREBY ORDERED THAT** Tudor's motion to dismiss [D. 8] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**